People v Yushubyev (2022 NY Slip Op 51386(U))

[*1]

People v Yushubyev (Lazar)

2022 NY Slip Op 51386(U) [77 Misc 3d 141(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-444 Q C

The People of the State of New
York, Respondent,
against
Lazar Yushubyev, Appellant. 

Zev Goldstein, for appellant.
Queens County District Attorney (Johnnette Traill and Danielle O'Boyle of counsel), for
respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens
County (Eugene M. Guarino, J.), dated June 30, 2021. The order, after a hearing, denied
defendant's motion to seal the record of a judgment convicting him of driving while
intoxicated per se.

ORDERED that the order is affirmed, without costs.
In 2005, defendant was charged with driving while intoxicated per se (Vehicle and
Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and
Traffic Law § 1192 [3]), disorderly conduct (Penal Law § 240.20 [5]),
operating a motor vehicle without a license (Vehicle and Traffic Law § 509 [1]) and
making an improper left turn (Vehicle and Traffic Law § 1160 [b]). On August 3,
2005, after defendant pleaded guilty to driving while intoxicated per se, the court
sentenced defendant to a $750 fine, a conditional discharge and his driver's license was
revoked. The remaining charges were dismissed.
In January 2020, approximately 14 years after the judgment convicting defendant of
driving while intoxicated per se had been rendered, he filed a motion seeking to have the
record related to this conviction sealed pursuant to CPL 160.59. By order dated October
20, 2020, the [*2]court (Eugene M. Guarino, J.)
determined that it did not appear that defendant's motion was subject to summary denial
(see CPL 160.59 [3]). Thus, the court ordered that a hearing be held. After the
hearing, the Criminal Court denied defendant's motion to seal the record of his judgment
of conviction for driving while intoxicated per se. The court found that, on July 31, 2019,
defendant was convicted of operating a motor vehicle without a driver's license, a traffic
infraction [FN1]
(Vehicle and Traffic Law § 509 [1]); that, on May 19, 2015, defendant was
sentenced, upon a conviction, after a jury trial, of driving while ability impaired, a traffic
infraction (Vehicle and Traffic Law § 1192 [1]); and that, on August 5, 2013,
defendant was sentenced upon pleading guilty to a charge of loitering for the purpose of
engaging in a prostitution, a violation (Penal Law § 240.37). In an order dated June
30, 2021, the court held that it should not determine the motion based on the hearing, but
rather should have summarily denied the motion based on the fact that 10 years had not
passed from the imposition of his three most recent sentences (see CPL 160.59
[3] [d]; [5]).
CPL 160.59 directs that the court must summarily deny a defendant's motion to seal a
conviction where, among other possibilities, 10 years have not passed since the
imposition of the sentence on the defendant's "latest conviction" or release from
incarceration (see CPL 160.59 [3] [d]; [5]; People v Coulibaly, 198 AD3d
84 [2021]). However, where a defendant's application to seal a record is not subject to
mandatory denial (see CPL 160.59 [3]), the determination of the application rests
within the discretion of the court pursuant to CPL 160.59 (4), (7).
Here, although more than 10 years passed since August 3, 2005, when the sentence
was imposed on the verdict convicting defendant of driving while intoxicated per
se—the conviction defendant seeks to have sealed (see CPL 160.59 [3]
[d]; [5])—it was less than 10 years since the imposition of the sentences on the
convictions for the petty offenses (see CPL 1.20 [39]). Consequently, the
Criminal Court's summary denial of the motion to seal the record was proper (see
CPL 160.59 [3] [d]; [5]).
Accordingly, the order denying defendant's motion to seal the record of his
conviction of driving while intoxicated per se is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022

Footnotes

Footnote 1:The record before this
court does not indicate a sentencing date for this conviction.